# EXHIBIT F

LAW OFFICES

# HYMAN, PHELPS & MCNAMARA, P.C.

700 THIRTEENTH STREET, N.W.

DARA KATCHER LEVY

JAMES P. ELLISON

SUITE 1200

WASHINGTON, D.C. 20005-5929
(202) 737-5600
FACSIMILE
(202) 737-9329

www.hpm.com

Direct Dial (202) 737-4290
DLevy@hpm.com
Direct Dial (202) 737-4294
JEllison@hpm.com

April 23, 2025

**VIA EMAIL AND FEDERAL EXPRESS**

Patrick O'Brien
Chief Operating Officer and General Counsel
Arrowhead Pharmaceuticals
177 East Colorado Boulevard
Suite 700
Pasadena, CA 91105

Re: Arrowhead's Unlawful Promotion of Plozasiran Subcutaneous Injection

Dear Mr. O'Brien:

Our law firm represents Ionis Pharmaceuticals ("Ionis"). We are writing to you in your capacity as General Counsel to Arrowhead Pharmaceuticals ("Arrowhead") concerning your client's investigational drug, plozasiran.

As we explain below, we have substantial evidence of unlawful conduct by your client with respect to this drug. This conduct gives rise to violations of federal laws, such as the Lanham Act, enforceable by Ionis. In addition, your client's conduct is actionable under state law, such as California's Unfair Competition Law, as well as common law claims of tortious interference that Ionis can bring in federal or state court.

Because of the serious nature of this conduct, we ask that you promptly investigate it and take immediate corrective and preventative actions. Because of the harm it is causing our client, we ask that you provide us with a response within ten (10) working days. We thank you in advance for your prompt attention to this important matter that we hope we can resolve on mutually acceptable terms.

At its core, the problem is that your client is making false and misleading communications about plozasiran and comparing it to Ionis's FDA-approved drug, TRYNGOLZA (olezarsen). Arrowhead engages in a concerning course of conduct by publicizing misinformation and "promoting" plozasiran as superior to TRYNGOLZA for

both the treatment of familial chylomicronemia syndrome ("FCS") and severe hypertriglyceridemia ("sHTG") ahead of any review or approval of plozasiran by the Food and Drug Administration ("FDA") and in violation of numerous federal and state laws. As such, Arrowhead is marketing an unapproved new drug in violation of sections 505(a) and 301(d) of the Federal Food, Drug, and Cosmetic Act ("FDC Act"), and Arrowhead's statements misbrand plozasiran in violation of the FDC Act §§ 502(a) and 301(a) and FDA's implementing regulations.

Arrowhead's disparaging communications mislead healthcare professionals, consumers, and investors. In so doing, these communications violate the Lanham Act, as well as state laws such as the California Unfair Competition Laws, Cal. Bus. & Prof. Code, § 17200 et seq. Arrowhead's communications are also subject to direct enforcement by the FDA. If Arrowhead does not immediately cease and desist such unlawful communications and take prompt corrective action, Ionis will initiate steps for relief from the courts and appropriate authorities.

A.  **False and Misleading Superiority Claims**

Arrowhead repeatedly has disseminated a number of actionable comparative claims regarding Ionis's FDA-approved product, TRYNGOLZA. Between misleading cross-study comparisons of study data to misrepresentations of TRYNGOLZA's approved patient populations, Arrowhead has disparaged Ionis's product and conducted a willful and intentionally false and misleading campaign to direct patients and healthcare professionals away from an FDA-approved drug to an experimental drug.

*Misleading Cross-Study Comparisons*

Arrowhead touts superiority of its unapproved plozasiran to Ionis's approved medicine, TRYNGOLZA, based on selective data presentations and otherwise inappropriate cross-study comparisons between Arrowhead's PALISADE study and Ionis's Balance study. At the TD Cowen Healthcare Conference in March 2025, for example, Arrowhead employees maintained that plozasiran can lower triglycerides by 80 percent while olezarsen (TRYNGOLZA) lowers triglycerides by 30 or 40 percent. (Transcript at 3 in Attachment A.) Arrowhead made similar claims at the Medscape Peer-to-Peer Presentation from March 10, 2025[1], where Arrowhead directly compared the

---

[1]  While the Medscape Peer-to-Peer Presentation was positioned as independent medical education, the presentation was supported by Arrowhead through an educational grant and moderated by Christie Ballantyne, a key opinion leader compensated by Arrowhead

(continued . . .)

Ionis Balance trial numbers to certain Arrowhead analyses based on PALISADE trial numbers without disclosing the material limitations of any comparison.

The suggestion that plozasiran lowers triglycerides by 80 percent while TRYNGOLZA lowers triglycerides by 30 or 40 percent is intentionally misleading and actionable under state and federal law. While both the Balance and PALISADE studies have primary endpoints related to the percent change in fasting triglycerides v. placebo, the Balance study primary endpoint evaluates baseline to month six mean results while the PALISADE study primary endpoint evaluates baseline to month ten median results. Arrowhead intentionally and misleadingly compares the placebo-adjusted, **mean** Balance data at month six to a **non-placebo-adjusted median** result from **PALISADE at month ten**.

Further, the Balance and PALISADE trials enrolled different patient populations. The Balance study included genetically confirmed FCS patients while the PALISADE study was not as rigorous in diagnosing FCS. The non-genetically confirmed patients likely have LPL activity; the body's way to metabolize triglycerides. Cross-comparisons between genetically and non-genetically confirmed FCS patient populations is dangerous and misleading. To make matters worse, Arrowhead makes these unsubstantiated efficacy comparisons without noting the different product safety profiles, namely the notable hyperglycemic signals seen with plozasiran.

FDA has long objected to cross-study comparisons. Further, FDA regulations provide that representations are misleading if they contain comparisons that represent or suggest that a drug is safer or more effective than another drug when this has not been demonstrated by substantial evidence or substantial clinical experience. These provisions apply both to approved drugs and in the preapproval promotion context. *See e.g.,* Untitled Letter to Zydus Discovery DMCC (Dec. 21, 2016) (citing claims that the unapproved Saroglitazar is "superior" to other molecules); Untitled Letter to Baumann Cosmetic and Research Institute (Jan. 11, 2010) ("We note that this suggestion of superiority, in addition to promoting the product before approval, is also misleading in that it is not supported by substantial evidence or substantial clinical experience.").

---

      to present PALISADE data in other forums and a clinical investigator in a separate Arrowhead-sponsored clinical trial. Because the information disseminated at the Medscape Peer-to-Peer Presentation is consistent with company messaging in other contexts, it demonstrates Arrowhead's objective intent to disseminate false and misleading information through multiple channels.

*Misrepresentation of Ionis Product*

In addition, Arrowhead misleadingly characterizes the scope of TRYNGOLZA's approval. In a recent discussion of the PALISADE study at a National Lipid Association webinar, Arrowhead representatives affirmatively stated that TRYNGOLZA is approved only for patients with genetically confirmed FCS. Your client further stated that lack of genetic testing is a key differentiator between TRYNGOLZA and the unapproved plozasiran, allowing Arrowhead to use the therapy for patients who do not have genetic confirmation of FCS. Arrowhead made the same suggestion in the Medscape Peer-to-Peer Presentation from March 10, 2025. This commentary is false and misleading. As reflected by its FDA-approved indication, TRYNGOLZA is approved for *all* adults with FCS, genetically confirmed or otherwise. TRYNGOLZA Prescribing Information § 1 (Dec. 2024). Arrowhead's artificial narrowing of Ionis's TRYNGOLZA indication is a concerning attempt to direct healthcare professionals and FCS patients away from TRYNGOLZA to Arrowhead's unapproved product.

*Off-Label Marketing*

Perhaps even more egregious is the openness with which Arrowhead has been stating its intent to market off-label when and if plozasiran is approved. At a Jefferies presentation in November 2024, Arrowhead made clear that approval for FCS will be a gateway to "start talking about the much broader market of severe hypertriglyceridemia, which is a much more economically meaningful market for us." Contrary to Arrowhead's claims, Arrowhead's marketing of plozasiran will not be insulated from off-label marketing allegations simply because "it will be priced as an ultra-orphan." Arrowhead's clear statements of its intent to violate the FDC Act by marketing off-label to other hypertriglyceridemia patients underscores what appears to be a culture of non-compliance.

**B.    Marketing an Unapproved New Drug**

Marketing an investigational drug misbrands the drug under section 502(f)(1) of the FDC Act; drugs are misbranded if they do not have adequate directions for use or are not otherwise exempt from the requirement. Unapproved drugs, by definition, cannot have adequate directions for use, and any marketing of the unapproved drug misbrands the product. While the FDC Act and its implementing regulations exempt drugs from misbranding violations if they are investigational, those exemptions apply only where a sponsor does not represent that drug as safe or effective for the purposes for which it is

under investigation or otherwise promoting the drug. 21 C.F.R. § 312.7(a). Arrowhead's statements about the superiority of investigational plozasiran compared to Ionis's approved TRYNGOLZA violate this provision.

*American Heart Association Booth*

Arrowhead's messaging about plozasiran suggests that the drug is safe and effective for the purposes for which it is being investigated. At the American Heart Association's Scientific Sessions 2024, Arrowhead's booth featured large prominent text stating, "Imagine reducing the risk of acute pancreatitis by achieving the guideline-recommended goal of triglycerides < 500 mg/dL" with a sign in large letters stating "WE'LL GET THERE 5[S]OON." *See* Exhibit A. Any reference to the investigatory nature of the Arrowhead product was, at best, minimal and certainly lacked the prominence that FDA would expect. Instead, that booth suggested that Arrowhead's product can address acute pancreatitis, reduce triglycerides below 500 mg/dL, and can do so "soon." FDA-reviewed and approved data supports none of that—nor could it when reduction of triglycerides below 500 mg/dL is not a pre-specified endpoint for Arrowhead clinical trials, as reflected by clinicaltrials.gov. *See* PALISADE Study, available at https://www.clinicaltrials.gov/study/NCT05089084. And the suggestion that plozasiran can have that great of a reduction in triglyceride levels is improbable when FCS patients can have triglyceride levels in the 6000 mg/dL range.

*Arrowhead Website*

The Arrowhead website is equally misleading. In addition to including these exact claims, which are promotional claims even without an explicit reference to plozasiran, the website is a mash-up of help-seeking, "coming soon," and disease awareness promotion. This suggests that plozasiran is both "coming soon" and appropriate for treating such disease when FDA has not made any determination to that effect.

The website further dangerously implies that patients will be able to relax diet restrictions when taking plozasiran. It notes:

> Restrictive diets negatively impact quality of life - Some people use intensive dieting to manage high triglycerides, however this strategy that avoids ingesting fats to maintain lower overall fasting triglycerides is very burdensome.
>
> People with extremely high triglycerides that persist despite standard of care may try to prevent rises in triglyceride levels through dietary

restriction of total fat intake, abstinence from alcohol, and avoidance of medications known to increase triglyceride levels.

Arrowhead, Burden of Extremely High Triglycerides, available at https://lowertriglycerides.com/burden-of-disease/. The inclusion of this language on a hybrid disease awareness and coming soon webpage suggests that there is a product in the pipeline that will alleviate the need to restrict diets to address high triglycerides. There is no data to support this implication, which directly conflicts with Arrowhead's Breakthrough Therapy Designation for "investigational plozasiran **as an adjunct to diet** to reduce triglycerides in adults with [FCS]." Press Release, Arrowhead Pharmaceuticals Receives FDA Breakthrough Therapy Designation for Plozasiran (Sept. 10, 2024) (emphasis added), available at https://ir.arrowheadpharma.com/news-releases/news-release-details/arrowhead-pharmaceuticals-receives-fda-breakthrough-therapy. Moreover, the implication that plozasiran is diet-agnostic creates additional safety concerns, as patients influenced by such statements may relax their diet, risking acute pancreatitis.

*Expanded Access Program Promotion*

Finally, Arrowhead improperly advertises its Expanded Access Program ("EAP") for FCS. In an NLA newsletter, Arrowhead offers patients access to plozasiran, effectively commercializing the product without FDA approval.

## Plozasiran Expanded Access Program (EAP) for Familial Chylomicronemia Syndrome (FCS)

Plozasiran is an investigational medicine designed to reduce the production of the protein Apolipoprotein-CIII (ApoC3) through the natural RNA interference (RNAi) mechanism. ApoC3 is a protein that is produced in liver cells and inhibits the formation and clearance of various lipids and lipoproteins, including triglycerides. Plozasiran is currently being investigated to determine whether it is safe and effective to reduce the level of ApoC3, thereby reducing triglycerides.

For more information about Arrowhead and plozasiran EAP, please **CLICK HERE**.

These advertisements have been seen in other publications targeting patients and physicians as well. Though the Cures Act requires companies to make information about their EAPs readily available to the public, EAP policy publications must include a link to the relevant information on ClinicalTrials.gov and should not be used in promotional contexts. *See* FDA, Guidance for Industry: Expanded Access to Investigational Drugs for

Treatment Use Questions and Answers Guidance for Industry, at 26 (Draft, Nov. 2022),[2] However, the Cures Act does not permit promoting an EAP as a means to distribute unapproved drugs to patients where FDA-approved alternatives exist.

Arrowhead's booths and website, combined with the promotion of the EAP in multiple patient and physician settings, effectively offers for sale an unapproved drug product in violation of the FDC Act. *See* 21 C.F.R. § 312.7(b). And since plozasiran is an investigational new drug, limitations on its indication(s), warnings, precautions, adverse reactions, and dosage and administration have not been established and are unknown at this time. Nevertheless, your disease awareness campaign suggests that plozasiran is safe and effective. Indeed, your repeated statements claiming plozasiran effectively reduces triglycerides in FCS patients and broader populations, while minimizing safety disclosures, are misleading because they promote the message that the product is safe and effective.

\* \* \*

It is clear that Arrowhead is deliberately disseminating misleading information intended to dissuade patients from using an FDA-approved FCS treatment in favor of unapproved plozasiran, available through an EAP. Arrowhead's behavior is concerning, as it is bound to confuse healthcare professionals, consumers, and investors alike. Arrowhead's campaign inappropriately positions plozasiran as superior to TRYNGOLZA when only TRYNGOLZA has been reviewed and approved by FDA for treatment of FCS. Arrowhead's false and misleading statements on this matter, as well as Arrowhead's continued efforts to interfere with Ionis's commercialization of TRYNGOLZA, put patients at risk and are unlawful.

Arrowhead's conduct violates the FDC Act and is actionable under federal and state law. Under state law, for example, the California Business and Professional Code "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising" may be addressed by civil action. Cal. Bus. Code §§ 17200,

---

[2] That guidance states: "If a pharmaceutical company or the drug manufacturer that is developing the drug for marketing makes its expanded access policy publicly available and mentions specific drugs for which expanded access is available and provides a link to the relevant information on ClinicalTrials.gov to comply with the requirements of the Cures Act, FDA does not intend to consider this to be promotion of an investigational drug or evidence of a new intended use unless the posted policy represents in a promotional context that the investigational new drug is safe or effective for a use for which it is under investigation."

17206. A party, such as Ionis, injured by an unlawful practice, can bring suit to obtain an injunction barring unlawful conduct and recover damages. Under federal law, the Lanham Act provides similar remedies for false and misleading statements.

Ionis takes these matters seriously and expects Arrowhead to immediately cease presenting these unlawful comparisons and take necessary corrective and preventative actions. This letter is not intended as an exhaustive statement of all of our legal claims against you and Ionis reserves all rights and remedies to this effect. Again, please respond to this letter within 10 working days confirming the corrective actions Arrowhead has taken to resolve the issues identified above and actions to prevent future violations. Should you have any questions or would like to discuss this matter, please contact us directly at 202-737-4290, dlevy@hpm.com; or 202-737-4294, jellison@hpm.com.

Sincerely,

*Dara Levy*

Dara K. Levy

*JP Ellison*

JP Ellison
*Counsel to Ionis*

DKL/JPE/eam
Attachment