# EXHIBIT G

# KING & SPALDING

King & Spalding LLP
1700 Pennsylvania Avenue, NW
Washington, D.C. 20006

Tel: +1 202 737 0500
Fax: +1 202 626 3737
kslaw.com

Nikki Reeves
Partner
Direct Dial: +1 202 661 7850
nreeves@kslaw.com

May 22, 2025

<u>**VIA EMAIL**</u>

Dara Katcher Levy
James P. Ellison
Hyman, Phelps & McNamara, P.C.
700 13th Street, NW, Suite 1200
Washington D.C. 20005
dlevy@hpm.com
jellison@hpm.com

Re: **Response to Ionis's Letter of April 23, 2025 and Discussion of Unlawful, Misleading Promotion by Ionis**

Dear Ms. Levy and Mr. Ellison:

Arrowhead Pharmaceuticals ("Arrowhead") is in receipt of your letter of April 23, 2025 on behalf of Ionis Pharmaceuticals ("Ionis") concerning Arrowhead's investigational drug, plozasiran. We provide a response to your letter below. Arrowhead also would like to make you aware of its concerns regarding the false and misleading promotion of TRYNGOLZA by Ionis.

As a company dedicated to improving the lives of patients and their families, Arrowhead strives to conduct its business in accordance with the highest ethical standards and in compliance with all applicable governmental laws and regulations, including those enforced by the U.S. Food and Drug Administration (FDA). That includes a commitment to communicating only truthful, non-misleading information about our products in development, including plozasiran.

We reviewed the information cited in your letter. We disagree with your characterizations of the information as false, misleading, or otherwise a violation of law. The examples cited in your letter appear to have been cherry-picked and taken out of context. When reviewed in light of the

circumstances in which the information was conveyed, it is evident that the information conveyed was truthful, non-misleading, and non-promotional.

### I. Arrowhead's communications are not intended to be promotional and Arrowhead did not make unlawful comparisons to, or misleadingly characterize, Ionis's product, TRYNGOLZA.

The statements made by Arrowhead cited in your letter were not intended to be promotional. With the full context in which these statements were made, it is clear that they were truthful, non-misleading, and otherwise lawful.

For example, your letter cites to statements made by Arrowhead employees at investor meetings. Communications to investor audiences at events like an investor conference are not intended to be promotional and are not labeling. In that setting, it is common and expected for companies to talk about the landscape, the data, the competition, and how the company believes their product compares. Arrowhead's communications—made to investor audiences, not health care prescribers or patients—were not used to supplement or explain the intended use of a drug, but rather to help explain the value of Arrowhead stock. Arrowhead certainly is not viewing an investor meeting as a guise to promote the safety or efficacy of an investigational drug or to encourage the attendees at such a meeting to use plozasiran in a certain way or at all. Indeed, the attendees could not do so even if they so desired. It was clear from the discussions that plozasiran is not FDA approved. As is typical at investor meetings, Arrowhead summarized what the company is seeing in the clinical trial data and where plozasiran, if approved for familial chylomicronemia syndrome (FCS), might fit into the overall market landscape for patients with various forms of severe hypertriglyceridemia (SHTG)—a landscape that includes not only TRYNGOLZA, but also other marketed therapies like fibrates and fish oils.

Similarly, the medical education activity you cited was conducted by Medscape, an independent provider of continuing medical education. Medscape was—consistent with appropriate ethical and compliance procedures, and contrary to the suggestion in your letter—solely responsible for control of the content of the webinar, including the selection of faculty and topics.

Your letter strings together separate, lawful activities to attempt to paint a picture that Arrowhead is violating the Federal Food, Drug, and Cosmetic Act by offering for sale an unapproved new drug in violation of section 505(a) (21 U.S.C. § 355(a)) and/or a drug that lacks adequate directions for use in violation of section 502(f) (21 U.S.C. § 352). These examples you provided were also cherry-picked and stripped of their context, and are a mischaracterization of information provided by Arrowhead.

For instance, you object to Arrowhead's disease state communication activities, at conferences and on the company's website. These communications, however, do not refer to plozasiran (or

any other product), and they focus on causes, health risks, and burden of disease associated with extremely high triglycerides.

You also object to Arrowhead's dissemination of information about its expanded access program (EAP), and make an ill-founded accusation that Arrowhead is driving patients to the EAP. Your letter both acknowledges and simultaneously disregards the fact that Arrowhead has a statutory obligation to make its EAP information available. As you note, the Cures Act requires companies to publish their EAP policies and make such information readily available. Arrowhead's public notification of its EAP policy fulfills that mandate.[1]

## II.　Ionis has engaged in false or misleading promotion of TRYNGOLZA.

As you are aware, the Federal Food, Drug, and Cosmetic Act and its implementing regulations prohibit pharmaceutical companies from promoting any drug in a manner that is false or misleading.[2] Yet Ionis routinely exaggerates TRYNGOLZA's efficacy in reducing acute pancreatitis events.

TRYNGOLZA's label reflects a modest characterization of the BALANCE study's results with respect to reductions in acute pancreatitis. The label states only that, "[o]ver the 12-month treatment period, *the numerical incidence* of acute pancreatitis in patients treated with TRYNGOLZA 80 mg *was lower* compared with placebo" (emphasis added). Ionis, however, routinely describes the results as showing a *substantial* or *statistically significant* reduction in acute pancreatitis events. For instance, during Ionis's Q1 2025 earnings call on April 30, 2025, a company officer asserted, in a discussion about clinical trial data related to acute pancreatitis events, that "the FCS data is also encouraging for TRYNGOLZA where we reported statistically significant reductions in acute pancreatitis events in our BALANCE study." Similarly, in its presentation of BALANCE results at the April 2024 annual meeting of the American College of Cardiology, Ionis described the results as showing "a clear signal" for reduced pancreatitis events in patients with FCS at 12 months. These statements clearly mischaracterize TRYNGOLZA's efficacy with respect to reductions in acute pancreatitis.

In addition, we are aware that Dr. Sotirios Tsimikas, who is both a Professor of Medicine and Director of Vascular Medicine at the University of California San Diego School of Medicine (UCSD) *and* a Senior Vice President of Global Cardiovascular Development at Ionis, has reached out to other cardiovascular researchers and key opinion leaders to make disparaging remarks about plozasiran, such as criticizing the PALISADE study methodology. Though he typically claims to make these critiques "with his UCSD hat on," it is inappropriate for a senior Ionis executive responsible for clinical development of Ionis's products to make false or misleading statements about a competitor's products, particularly when the executive suggests

---

[1] 21 U.S.C. 360bbb-0(a)-(b).
[2] See 21 U.S.C. §§ 352(a), 352(n), 331; 21 C.F.R. § 202.1(e).

that he is providing unbiased commentary. We respectfully request that Dr. Tsimikas stop disparaging plozasiran and, to the extent he engages in promotion or scientific exchange regarding TRYNGOLZA, that he fully and accurately characterize his relationship to Ionis.

*****

Arrowhead takes seriously its obligation to comply with all laws and regulations, including requirements that apply to Arrowhead's communications about plozasiran. While we have determined that there was no misconduct with respect to the examples cited in your letter, we will take your comments into consideration going forward.

Further, we recommend that Ionis conduct a thorough review of its own communications regarding TRYNGOLZA's efficacy and avoid any future mischaracterization of the BALANCE trial's results regarding acute pancreatitis. We ask that Dr. Tsimikas fully and accurately characterize his relationship to Ionis when engaging in promotion or scientific exchange regarding TRYNGOLZA with other healthcare professionals and stop disparaging plozasiran in those communications.

Should you have any questions or wish to discuss these matters further, please contact me at 202.661.7850 or nreeves@kslaw.com.

Sincerely,

Nikki Reeves