IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ARROWHEAD PHARMACEUTICALS, INC., <br><br> Plaintiff, <br><br> v. <br><br> IONIS PHARMACEUTICALS, INC., <br><br> Defendant. | Civil Action No. 25-1130-GBW |

Susan E. Morrison, FISH & RICHARDSON P.C., Wilmington, Delaware; Louis E. Fogel, FISH & RICHARDSON P.C., Chicago, Illinois; Megan A. Chacon, Madelyn S. McCormick, FISH & RICHARDSON P.C., San Diego, California.

*Counsel for Plaintiff*

Megan Elizabeth Dellinger, MORRIS, NICHOLS, ARSHT & TUNNELL LLP, Wilmington, Delaware; Jessamyn S. Berniker, Thomas S. Fletcher, Kathryn S. Kayali, Michael Xun Liu, Alexander Song, WILLIAMS & CONNOLLY LLP, Washington, District of Columbia.

*Counsel for Defendant*

**MEMORANDUM OPINION**

December 23, 2025
Wilmington, Delaware

_[signature]_
_____
GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE

Pending before the Court is Defendant Ionis Pharmaceuticals, Inc.'s ("Ionis" or "Defendant") Motion to Dismiss for Failure to State a Claim or, in the Alternative, to Transfer Venue ("Motion") (D.I. 13), which has been fully briefed (D.I. 14; D.I. 20; D.I. 23).

As set forth below, the Court grants-in-part and denies-in-part Defendant's Motion (D.I. 13). Specifically, the Court grants the motion with respect to Defendant's request for dismissal.

## I.   BACKGROUND

The following are allegations from Plaintiff Arrowhead Pharmaceuticals, Inc.'s ("Arrowhead" or "Plaintiff") Complaint (D.I. 1), which are taken as true for the purpose of resolving Defendant's Motion.

### A.   The Parties

Plaintiff is a Delaware corporation with a headquarters in Pasadena, California, that operates in the field of RNA interference technology. D.I. 1 ¶¶ 3, 4. Plaintiff develops therapeutics for "a variety of diseases, including orphan diseases for which few or no treatment options are available." D.I. 1 ¶ 4.

In attempt to treat familial chylomicronemia syndrome ("FCS"), Plaintiff has developed plozasiran. D.I. 1 ¶¶ 18, 20. Formerly known as ARO-APOC3, "[p]lozasiran is designed to treat FCS by silencing the gene that produces apolipoprotein C-III." D.I. 1 ¶ 20. In March 2023, the United States Food and Drug Administration ("FDA") granted Plaintiff's request for "Fast Track" designation for plozasiran. D.I. 1 ¶ 23. In September 2024, the FDA designated plozasiran as a "Breakthrough Therapy." _Id._ In November 2024, Plaintiff submitted a New Drug Application for approval of plozasiran. D.I. 1 ¶ 24.

Defendant is a Delaware corporation with its principal place of business in Carlsbad, California, and the assignee of United States Patent No. 9,593,333 (the "'333 patent"). D.I. 1 ¶¶ 5, 12; *see* D.I. 1, Ex. A ('333 patent, naming Ionis as "Assignee"). Defendant develops antisense oligonucleotide medicines. D.I. 1 ¶ 25. These medicines rely "on single strands of synthetic nucleic acid molecules that incorporate DNA nucleotides and bind messenger RNA to interfere with protein production." *Id.* In December 2024, the FDA approved Defendant's drug Tryngolza® ("Tryngolza") for adults with FCS. D.I. 1 ¶ 26. The active ingredient in Tryngolza, olezarsen, targets apolipoprotein C-III, the same protein targeted by Plaintiff's plozasiran. D.I. 1 ¶ 27. Despite the approval of Tryngolza, "there remains a clear need for additional therapies with improved properties for patients" living with FCS. D.I. 1 ¶ 28.

### B.  The Parties' Pre-Litigation Correspondence

On April 23, 2025, counsel for Defendant sent Plaintiff a letter accusing Plaintiff of making "false and misleading statements" in its comparisons of plozasiran and Tryngolza. D.I. 1 ¶ 30; *see* D.I. 1, Ex. F. On May 22, 2025, Plaintiff's counsel responded, defending Plaintiff's conduct and raising concerns with Defendant's advertising of Tryngolza. D.I. 1 ¶ 30; *see* D.I. 1, Ex. G.

On September 3, 2025, Defendant's Chief Executive Officer ("CEO") sent a letter to Plaintiff, asserting infringement of claims 1-7, 9, 10, 14, 15, 18, and 20-23 of the '333 patent. D.I. 1 ¶ 31; *see* D.I. 1, Ex. H. In that letter, Defendant's CEO stated that, "[u]nless we are able to resolve this dispute first, Ionis intends to seek relief for Arrowhead's blatant patent infringement by filing suit against Arrowhead in the United States District Court for the Central District of California on September 11, 2025 to enforce its patent rights." D.I. 1, Ex. H. The letter concluded that "Ionis remains open to constructive dialogue, but if we do not hear from you promptly, we will move forward with enforcement of the '333 patent." *Id.*

### C. The Parties File Lawsuits

On September 10, 2025, Plaintiff filed its Complaint in this action, seeking declaratory relief. D.I. 1. On the following day, as promised in its letter, Ionis filed an action alleging infringement of the '333 patent in the United States District Court for the Central District of California ("California Action"). Complaint for Patent Infringement, *Ionis Pharmaceuticals, Inc. v. Arrowhead Pharmaceuticals, Inc.*, Case No. 25-cv-08609-HDV-AGR (C.D. Cal. Sept. 11, 2025) (D.I. 1).[1]

On October 6, 2025, Defendant filed its Motion. D.I. 13. Defendant's Motion is fully briefed. D.I. 14; D.I. 20; D.I. 23. The Court now turns to the merits of Defendant's Motion.

## II. LEGAL STANDARD

"In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, *may* declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201 (emphasis added). "A declaratory action allows a party 'who is reasonably at legal risk because of an unresolved dispute, to obtain judicial resolution of that dispute without having to await the commencement of legal action by the other side.'" *Elecs. for Imaging, Inc. v. Coyle*, 394 F.3d 1341, 1345 (Fed. Cir. 2005) (quoting *BP Chems. Ltd. v. Union Carbide Corp.*, 4 F.3d 975, 977 (Fed. Cir. 1993)). "[I]t is well settled by a multitude of cases that the granting of a declaratory judgment rests in the sound discretion of the trial court exercised in the public interest." Charles Allan Wright & Arthur R. Miller, 10B Federal Practice & Procedure: Civil § 2759 (4th

---

[1] In the California Action, Arrowhead has filed a motion to stay the case, or, in the alternative, dismiss or transfer it under the first-to-file rule. *See* Notice of Motion and Motion to Stay Case pending Final Resolution of the Delaware Action, or in the Alternative, Dismiss or Transfer Under the First-to-File Rule, Case No. 25-cv-08609-HDV-AGR (C.D. Cal. Oct. 27, 2025) (D.I. 20).

ed. 2022); *see Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995) ("Consistent with the nonobligatory nature of the remedy, a district court is authorized, in the sound exercise of its discretion, to stay or to dismiss an action seeking a declaratory judgment before trial or after all arguments have drawn to a close.") (footnote omitted); *Commc'ns Test Design, Inc. v. Contec, LLC*, 952 F.3d 1356, 1361 (Fed. Cir. 2020) ("Given the statute's use of the word 'may,' the Supreme Court has said that a district court has 'unique and substantial discretion in deciding whether to declare the rights of litigants.'") (citing *Wilton*, 515 U.S. at 286).

This Court must apply Federal Circuit case law when it determines whether to dismiss a declaratory judgment action in favor of a later-filed suit for patent infringement. *Id.* at 1362 (citing *Elecs. for Imaging*, 394 F.3d at 1345). The Federal Circuit has explained that district courts have discretion to dismiss declaratory judgment actions as long as they provide "well-founded reasons" for doing so, and "act in accordance with the purposes of the Declaratory Judgment Act and the principles of sound judicial administration . . . ." *Mitek Sys., Inc. v. United Servs. Auto. Ass'n*, 34 F.4th 1334, 1347 (Fed. Cir. 2022) (cleaned up).

When a district court decides whether to dismiss a declaratory judgment action in patent cases, it may consider the following factors: "[1] whether a party intended to preempt another's infringement suit when ruling on the dismissal of a declaratory action, . . . [2] 'the convenience and availability of witnesses, [3] [the] absence of jurisdiction over all necessary or desirable parties, [4] the possibility of consolidation with related litigation, [and] [5] considerations relating to the real party in interest.'" *Elecs. for Imaging*, 394 F.3d at 1347-48 (citations omitted).

"The 'first-to-file' rule . . . generally favors pursuing only the first-filed action when multiple lawsuits involving the same claims are filed in different jurisdictions." *Contec*, 952 F.3d at 1362 (citing *Merial Ltd. v. Cipla Ltd.*, 681 F.3d 1283, 1299 (Fed. Cir. 2012)). "Under the first-

5

to-file rule, a district court may choose to stay, transfer, or dismiss a later-filed duplicative action." *Id.* (citing *Merial*, 681 F.3d at 1299). "When one of two competing suits in a first-to-file analysis is a declaratory judgment action, district courts enjoy a 'double dose' of discretion: discretion to decline to exercise jurisdiction over a declaratory judgment action *and* discretion when considering and applying the first-to-file rule and its equitable exceptions." *Id.* (emphasis in original) (citing *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183-84 (1952)).

### III. DISCUSSION

As a preliminary matter, as between the instant action and the California Action, the instant action is the first-filed action. *See Merial*, 681 F.3d at 1299 ("The filing date of an action derives from the filing of the complaint.") (citation omitted); *see also* Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court."). Ordinarily, "the first-filed action is preferred, even if it is declaratory, 'unless considerations of judicial and litigant economy, and the just and effective disposition of disputes, require otherwise.'" *Contec*, 952 F.3d at 1362 (quoting *Serco Servs. Co., L.P. v. Kelley Co.*, 51 F.3d 1037, 1039 (Fed. Cir. 1995)).[2]

Defendant contends that this action should be dismissed as an "anticipatory suit." D.I. 14 at 5. The Court agrees. As Defendant observes (D.I. 14 at 7), on September 3, 2025, Defendant clearly stated its intention to file suit against Plaintiff for infringement of the '333 patent in the "United States District Court for the Central District of California on September 11, 2025," if the parties could not resolve the dispute. D.I. 1, Ex. H. As this Court has recognized, "a suit is anticipatory for the purposes of being an exception to the first-to-file rule if the plaintiff in the first-filed action filed suit on receipt of specific, concrete indications that a suit by the defendant

---

[2] The Court is unpersuaded by Plaintiff's assertion that *Serco* is less pertinent because it purportedly "pre-date[d] the modern *Contec* framework." D.I. 20 at 7 n.3. As stated above, *Serco* was cited affirmatively by the Federal Circuit in *Contec*.

was imminent." *E.g., Cisco Sys., Inc. v. Ramot at Tel Aviv Univ., Ltd.*, Civil Action No. 21-1365-GBW, 2022 WL 16921988, at *4 (D. Del. Nov. 14, 2022) (alterations in original) (quoting *Mitek Sys., Inc. v. United Servs. Auto. Ass'n*, 2012 WL 3777423, at *3 (D. Del. Aug. 30, 2012)).

Under these circumstances, the instant action is anticipatory: having received a specific and concrete indication that Defendant would file suit on September 11, 2025, Plaintiff raced to Delaware to file its own action on September 10, 2025. *See, e.g., Serco*, 51 F.3d at 1038 (affirming district court's dismissal of a declaratory judgment action where the patentee had sent a letter to the alleged infringer stating, "[u]nless you confirm to us by September 20, 1993 that [alleged infringer] will discontinue the manufacture or sale of any infringing device, [patentee] will commence a law suit to enjoin further infringement in addition to seeking other available remedies").

Plaintiff's assertion that an anticipatory filing "must involve some maneuvering designed to 'affirmatively mislead'" is unavailing. D.I. 20 at 6. For this proposition, Plaintiff cites *TSMC Tech., Inc. v. Zond, LLC*, Civil Action No. 14–721–LPS–CJB, 2014 WL 7251188, at *9 (D. Del. Dec. 19, 2014), *report and recommendation adopted*, 2015 WL 328334 (D. Del. Jan. 26, 2015). *See* D.I. 20 at 6. However, the *TSMC Tech* court did not apply this standard. Rather, the court's reference to "affirmatively misleading" conduct occurred in its discussion of *another* case, *Woodbolt Distribution, LLC v. Nat. Alternatives Int'l, Inc.*, Civil Action No. 11–1266 GMS, 2013 WL 247041 (D. Del. Jan. 23, 2013), where the court had exercised its discretion to dismiss a declaratory action. *See Woodbolt Distribution*, at *4. The parties did not cite, nor did the Court identify, any cases applying this standard.[3]

---

[3] In *Woodbolt Distribution*, the court recognized that "[a] suit is 'anticipatory' for the purposes of being an exception to the first-to-file rule if the plaintiff in the first-filed action filed suit on receipt of specific, concrete indications that a suit by the defendant was imminent." 2013

7

However, the Court may "not rely solely on the anticipatory nature of [plaintiff]'s declaratory action." *Elecs. for Imaging*, 394 F.3d at 1348. Therefore, it considers, *inter alia*, "the convenience and availability of witnesses, or absence of jurisdiction over all necessary or desirable parties, or the possibility of consolidation with related litigation, or considerations relating to the real party in interest." *Id.*

These convenience factors counsel against the exercise of jurisdiction under the circumstances in this action. *First*, the corporate headquarters of both Plaintiff and Defendant are located in California, as are many of the witnesses that Defendant expects may have knowledge of pertinent issues, including several of Plaintiff's executives, three co-authors of the plozasiran publication, two of the three named inventors on the '333 patent, Defendant's executive team, and the "majority" of Defendant's employees. D.I. 14 at 11-12. Plaintiff claims, in opposition, that the "center of gravity" of this dispute is in Wisconsin, because Plaintiff "conceived and researched plozasiran in Wisconsin, and continues to invest in facilities to commercially manufacture it there," D.I. 20 at 12; however, Plaintiff also admits that "certain clinical and commercial functions" are managed by California employees. *Id.* On balance, the convenience and availability of witnesses factor weighs in favor of Defendant. *See also Bittan v. BBG, Inc.*, Civil Action No. 24-1008-GBW, 2025 WL 2770032, at *4 (D. Del. Sept 29, 2025) (noting, in the context of a transfer analysis, that "it is unreasonable to subject all parties to an inconvenient forum when a forum exists

---

WL 247041, at *4 (quoting *Mitek Sys.*, 2012 WL 3777423, at *3). The *TSMC Tech* court applied this same standard. *TSMC Tech*, 2014 WL 7251188, at *8 (quoting *Mitek Sys.*, 2012 WL 3777423, at *3). Ultimately, after concluding that the plaintiff's suit was "undoubtedly anticipatory," it did not find that the anticipatory nature of the filing amounted to a "sound reason that would make it unjust or inefficient to continue the first-filed action." *Id.* at *8-*10. In so doing, the court recognized that both parties "had been locked in intellectual property disputes," those disputes "were about to escalate," the parties "were taking tough, but fair steps in order to fully protect their rights." *Id.* at *10. However, the same underlying facts are not present in this action.

8

that would significantly reduce the burden of at least one of the parties") (cleaned up) (citation omitted).

*Second*, except for the California Action, there are no related litigations that could be consolidated with this action. D.I. 14 at 13; *see also* D.I. 20 (not disputing). Conversely, in *Cisco*, this Court declined to dismiss a declaratory judgment action—even after finding that the action was anticipatory—because the parties had related patent litigations in Delaware, including at least one involving the same patent family. 2022 WL 16921988, at *5.

*Third*, both parties are headquartered in California, both parties are subject to jurisdiction in California, and dismissal of this action will not create a circumstance in which there will be an absence of jurisdiction over the parties. *See, e.g.*, *Genentech*, 998 F.2d at 938 (reason to yield to later-filed suit "may be the convenience and availability of witnesses, or absence of jurisdiction over all necessary or desirable parties, or the possibility of consolidation with related litigation, or considerations relating to the real party in interest") (citation omitted).

In sum, the Court concludes that Plaintiff filed this action in anticipation of Defendant's imminent lawsuit in the Central District of California. The Court has thoroughly considered the parties' briefing, exhibits, and the full extent of the parties' relationship, and concludes that the exercise of jurisdiction in this action would not comport with the objectives of the Declaratory Judgment Act. *See, e.g.*, *Contec*, 952 F.3d at 1362 ("[T]he purpose of the Declaratory Judgment Act . . . in patent cases is to provide the allegedly infringing party relief from ***uncertainty and delay*** regarding its legal rights.") (emphasis added) (quoting *Goodyear Tire & Rubber Co. v. Releasomers, Inc.*, 824 F.2d 953, 956 (Fed. Cir. 1987)); *Cisco*, 2022 WL 16921988, at *5 (collecting cases). Under these circumstances, the exercise of jurisdiction in this action would encourage parties that have allegedly infringed patents to race to the courthouse to secure a

preferred but potentially less convenient forum upon learning that a lawsuit is imminent in another forum from a party that is willing to engage in constructive dialogue to preclude the necessity of litigation. For all of these reasons, the Court declines to exercise its jurisdiction over this first-filed declaratory judgment action. In light of the Court's decision, the Court does not consider Defendant's alternative request for transfer.

## IV. CONCLUSION

For the foregoing reasons, the Court grants-in-part and denies-in-part Defendant Ionis Pharmaceuticals, Inc.'s Motion to Dismiss for Failure to State a Claim or, in the Alternative, to Transfer Venue (D.I. 13). Plaintiff's Complaint (D.I. 1) is dismissed. An Order consistent with this Memorandum Opinion will be entered.